

FILED
NOV 1 9 2001

NOV 19 2001
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 16 2001

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1425

01 cv 8933

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE AIMSTER COPYRIGHT LITIGATION

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ,[*] JUDGES OF THE PANEL**

### TRANSFER ORDER

This litigation currently consists of the nine actions listed on the attached Schedule A and pending in three federal districts as follows: five actions in the Northern District of New York, three actions in the Southern District of New York, and one action in the Central District of California.[1] Before the Panel is a motion pursuant to 28 U.S.C. § 1407 brought by AOL Time Warner and its affiliated entities[2] for coordinated or consolidated pretrial proceedings of the nine actions in this litigation in the Southern District of New York.

AbovePeer, Inc.; BuddyUSA, Inc.; and John A. Deep (collectively Aimster) oppose centralization. In the alternative, should the Panel determine that centralization is appropriate, these parties would support the Northern District of New York as transferee district.

---

[*] Judges Selya and Motz took no part in the decision of this matter.

[1] The parties have notified the Panel of two additional related actions pending, respectively, in the Southern District of Florida and the Middle District of Tennessee. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Atlantic Recording Corporation, Elektra Entertainment & Group Inc., Warner Bros. Records Inc., London-Sire Records Inc., Maverick Recording Company, 143 Records, Tommy Boy Music, Atlantic Rhino Ventures Inc. d/b/a Rhino Entertainment Company, WEA International Inc., WEA Latina Inc., Time Warner Entertainment Company, L.P., and New Line Cinema Corporation.

- 2 -

All other responding parties agree that centralization is appropriate, but disagree on choice of transferee district. Respondents who are professional songwriters and music publishers[3] support the motion for transfer to the Southern District of New York, as do the Recording Industry Association of America, Inc. (RIAA) and various record company respondents.[4] In the alternative, the RIAA and the record company respondents ask the Panel to transfer the actions to a district other than the Northern District of New York. Respondents from the motion picture industry[5] suggest the Central District of California as transferee district. Plaintiffs[6] in a potential tag-along action in the Southern District of Florida suggest transfer to that district; however, if the Panel declines to transfer this litigation to the Southern District of Florida, these plaintiffs would support transfer to the Southern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that the nine actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These common factual questions concern whether the distribution of files over the Internet using the Aimster service constitutes copyright infringement. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

With respect to selection of the transferee district, we note that this is a nationwide litigation with actions, parties, and suggested transferee districts located on each coast. Accordingly, we are of the view that the Northern District of Illinois is a convenient, central forum. Moreover, we are assigning this litigation to a judge who is highly experienced in complex litigation and whose caseload burden is favorable to accepting this assignment.

---

[3] Jerry Leiber individually and d/b/a Jerry Leiber Music, Mike Stoller individually and d/b/a Mike Stoller Music, The Rodgers and Hammerstein Organization, Criterion Music Corporation, and Famous Music Corporation. Acuff-Rose Music Publishing, Inc. filed a separate response in support of the motion.

[4] A&M Records, Inc.; Arista Records, Inc.; BMG Music d/b/a The RCA Records Label; Capitol Records, Inc.; Geffen Records, Inc.; Interscope Records, Inc.; Island Records, Inc.; La Face Records; MCA Records, Inc.; Motown Record Company L.P.; Polygram Records, Inc.; Sony Music Entertainment Inc.; Universal Records Inc.; Virgin Records America, Inc.; Zomba Recording Corporation; Caroline Records, Inc.; EMI Christian Music Group, Inc.; Narada Productions, Inc.; Noo Trybe Records, Inc.; The Forefront Communications Group; Priority Records LLC; Sony Discos, Inc.; UMG Recordings, Inc.; Loud Records, LLC; Hollywood Records, Inc.; BMG Music d/b/a Windham Hill; BMG Music d/b/a BMG Entertainment; and Bad Boy Records.

[5] Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Metro-Goldwyn-Mayer Studios Inc.; Paramount Pictures Corporation; Sony Pictures Entertainment Inc.; Twentieth Century Fox Film Corporation; Universal City Studios, Inc.; and the Motion Picture Association of America, Inc.

[6] Fonovisa, Inc.; Musical Productions Inc.; and Platano Records Corporation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1425 -- In re Aimster Copyright Litigation

### Central District of California

*Columbia Pictures Industries, Inc., et al. v. John A. Deep, et al.*, C.A. No. 2:01-5648

### Northern District of New York

*BuddyUSA, Inc. v. Recording Industry Association of America, Inc., et al.*, C.A. No. 1:01-631
*AbovePeer, Inc. v. Recording Industry Association of America, Inc., et al.*, C.A. No. 1:01-632
*AbovePeer, Inc. v. Zomba Recording Corp., et al.*, C.A. No. 1:01-809
*AbovePeer, Inc. v. Motion Picture Association of America, et al.*, C.A. No. 1:01-810
*AbovePeer, Inc. v. Acuff-Rose Music Publishing, Inc., et al.*, C.A. No. 1:01-811

### Southern District of New York

*Zomba Recording Corp., et al. v. John Deep, et al.*, C.A. No. 1:01-4452
*Atlantic Recording Corp., et al. v. AbovePeer, Inc., et al.*, C.A. No. 1:01-4460
*Jerry Leiber, et al. v. AbovePeer, Inc., et al.*, C.A. No. 1:01-5901

```
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - PANEL ATTORNEY SERVICE LIST                November 15, 2001

DOCKET: 1,425 - In re Aimster Copyright Litigation                                             Page: 1
STATUS: Transferred

TRANSFEREE INFORMATION
    Dist: ILN
    Judge: Aspen, Marvin E.
    Date: 11/16/01


    ATTORNEY - FIRM                                    REPRESENTED PARTY(s)
```

---

Carpinello, George F.　　　　　　　　　　　　　=> AbovePeer, Inc.*; Aimster; Deep, John A.*
Boies, Schiller & Flexner, LLP
100 State Street
Suite 900
Albany, NY  12207


Chesler, Evan R.　　　　　　　　　　　　　　　=> 143 Records*; Atlantic Recording Corp.*; Atlantic Rhino Ventures Inc. d/b/a
Cravath, Swaine & Moore　　　　　　　　　　　　　Rhino Entertainment Co.*; Elektra Entertainment Group, Inc.*; London-Sire
Worldwide Plaza　　　　　　　　　　　　　　　　　Records Inc.*; Maverick Recording Co.*; New Line Cinema Corp.*; Sire Records
825 Eighth Avenue　　　　　　　　　　　　　　　　Group, Inc.*; Time Warner Entertainment Co., L.P.*; Tommy Boy Music*; WEA
New York, NY  10019　　　　　　　　　　　　　　　International Inc.*; WEA Latina Inc.*; Warner Bros. Records, Inc.*


Frackman, Russell J.　　　　　　　　　　　　　=> A&M Records, Inc.*; Arista Records, Inc.*; BMG Music dba BMG Entertainment*; BMG
Mitchell, Silberberg & Knupp, LLP　　　　　　　　Music dba RCA Records Label*; BMG Music dba Wyndham Hill*; Bad Boy Records*;
11377 West Olympic Blvd.　　　　　　　　　　　　Capitol Records, Inc.*; Caroline Records, Inc.*; EMI Christian Music Group*;
Los Angeles, CA  90064　　　　　　　　　　　　　Forefront Communications Group*; Geffen Records, Inc.*; Hollywood Records,
　　　　　　　　　　　　　　　　　　　　　　　　Inc.*; Interscope Records*; Island Records, Inc.*; LaFace Records*; Loud Records
　　　　　　　　　　　　　　　　　　　　　　　　LLC*; MCA Records, Inc.*; Motown Record Co., L.P.*; Narada Productions, Inc.*;
　　　　　　　　　　　　　　　　　　　　　　　　Noo Trybe Records, Inc.*; Polygram Records, Inc.*; Priority Records, L.L.C.*;
　　　　　　　　　　　　　　　　　　　　　　　　Recording Industry Association of America, Inc.*; Sony Discos Inc.*; Sony Music
　　　　　　　　　　　　　　　　　　　　　　　　Entertainment, Inc.*; UMG Recordings, Inc.*; Universal Records, Inc.*; Virgin
　　　　　　　　　　　　　　　　　　　　　　　　Records America, Inc.*; Zomba Recording Corp.*


Kelley, Matthew J.　　　　　　　　　　　　　　=> Acuff-Rose Music Publishing, Inc.*; Acuff-Rose Music, Inc.*; Chesney (Ind./dba
Romer Wallens Mineaux　　　　　　　　　　　　　Roots and Boots), Kenney A.*; Deer Valley Music, LLC*; Ewing, III (Ind./dba
13 Columbia Circle　　　　　　　　　　　　　　　Write on Music/Write Music), Donald R.*; Hickory Records, Inc.*; Milene Music,
Albany, NY  12203　　　　　　　　　　　　　　　　Inc.*; Springhouse Music, Inc.*


Kendall, David E.　　　　　　　　　　　　　　　=> Columbia Pictures Industries, Inc.*; Disney Enterprises, Inc.*;
Williams & Connolly　　　　　　　　　　　　　　　Metro-Goldwyn-Mayer Studios, Inc.*; Motion Picture Association of America,
725 Twelfth Street, N.W.　　　　　　　　　　　　Inc.*; Paramount Pictures Corp.*; Sony Pictures Entertainment, Inc.*; Twentieth
Washington, DC  20005　　　　　　　　　　　　　　Century Fox Film Corp.*; Universal City Studios, Inc.*


Linnan, James D.　　　　　　　　　　　　　　　=> BuddyUSA, Inc.*
Linnan & Fallon, LLP
61 Columbia Street
Suite 300
Albany, NY  12210


Ramos, Carey R.　　　　　　　　　　　　　　　=> Criterion Music Corp.*; Famous Music Corp.*; Leiber (Ind./dba Jerry Leiber
Paul, Weiss, Rifkind, Wharton & Garrison　　　　Music), Jerry*; Rogers & Hammerstein Organization*; Stoller (Ind./dba Mike
1285 Avenue Of The Americas　　　　　　　　　　　Stoller Music), Mike*
New York, NY  10019

---

NOTE: Please refer to the title page for complete report scope and key.
    *  Signifies that an appearance was made on behalf of the party by the representing attorney.
    #  Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
    NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.